OCTOBER AND NOVEMBER TERM, 1883, No. 188.    OCTOBER 9, 1883.

## Young *v.* Coyle.

Certain heirs of William Coyle, deceased, by deed, remised, released, and quit-claimed " *all* their right, title, interest, and claim of, in, and to all that certain piece or parcel of land—being the same land formerly owned by William Coyle, deceased, and said first parties hereby conveying their interest, as heirs of said deceased; said Robert E. Coyle conveying his own interest as heir; also the undivided half of James W. Coyle's interest, the same as conveyed to him by the said James W. Coyle and wife—and also all the estate, right, title, interest, property, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, or to the above-described premises, and every part and parcel thereof, with the appurtenances."

At the time of the execution of this deed, one of the releasors had a certain interest in the lands conveyed, which she derived under the will of a deceased heir of William Coyle, in addition to her interest as an heir. *Held*, that this interest so derived did not pass by the deed.

Before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

Error to the Court of Common Pleas of *Mercer County*.

Case stated between Sadie E. Coyle as plaintiff, and John Young as defendant, to determine the ownership of a third of an undivided one-ninth part of a certain tract of land, situate in Lackawannock township, Mercer county, Pennsylvania.

The facts, as agreed upon by the parties, were as follows:

William Coyle at one time owned, in fee simple, the land which was described in the plaintiff's writ.

He died intestate, in 1857, leaving to survive him a widow, Nancy H. Coyle, and nine children, viz: James

[Young *v.* Coyle.]

W. Coyle, Manassa B. Coyle, William A. Coyle, Robert E. Coyle, Elizabeth M. Coyle, Martha M. Coyle, Nancy B. Coyle, intermarried with James F. Jackson; Rosanna J., intermarried with Stephen Miller; and Sadie E. Coyle, the plaintiff.

Manassa B. Coyle died in 1864, having first made his last will and testament, which was probated, etc., the 11 August, 1864.

The disposing part of his will reads: "All my effects will be sold and my debts paid off, and the balance put to pay off my article with J. W. Coyle, L. E. Coyle, for their share of the estate, and the rent or interest of my estate will go to support my mother, Nancy H. Coyle, widow of William Coyle, her lifetime, then the rent or interest will go to the support, or for the benefit of my single sisters, equally divided, while they remain single, and go to their benefit while one remains unmarried. When none remains single, then to each brother and sister ten dollars apiece, to be paid by Robert Ewing Coyle, William Alexander Coyle, or either of them, if living, is to have the land property; if neither should be living, let it be equally divided between my brothers and sisters or their heirs; this is my request. William A. Coyle and R. E. Coyle to settle all my business. William A. Coyle gets my bass viol; Martha Minerva my tenor violin, with other property. This I request."

The widow, Nancy Coyle, died in 1875.

Elizabeth and Martha M. and Sadie E., the plaintiff, were the only unmarried sisters of said Manassa B. Coyle when his will was executed and probated, and they are all living and still single and unmarried, and are the only single sisters of said Manassa B.

James W. Coyle and wife, on the 16th of July, 1867, and as heirs both of said William Coyle and Manassa B. Coyle, deceased, conveyed all their interest in said land to Robert E. and William A. Coyle.

On the 5th day of September, 1867, the said Robert E. Coyle, Elizabeth M. Coyle, Mattie M. Coyle, James F. Jackson and Nancy, his wife, Stephen Miller and Rosanna J., his wife, and the plaintiff, Sadie E. Coyle, executed and delivered to William A. Coyle, above named, a deed or release of their interest in said land, as follows:

"This indenture, made the fifth day of September, in the year of our Lord one thousand eight hundred and sixty-seven, between Robert E. Coyle, Elizabeth M. Coyle, Sarah E. Coyle, Martha M. Coyle, Stephen Miller, and Rosana J. Miller, and James F. Jackson and Nancy

[Young *v.* Coyle.]

Bliss, his wife, heirs of William Coyle, late Lackawannock township, Mercer county, Pennsylvania, deceased, of the first part, and William A. Coyle, of Mercer county, Pennsylvania, of the second part. Witness, That the said parties of the first part for and in consideration of the sum of nineteen hundred and fifty dollars, lawful money of the United States of America, to them in hand paid by the said party of the second part at and before the selling and delivering of these presents, the receipt whereof is hereby acknowledged, have remised, released, and quit-claimed and by these presents do remise, *relieze*, and quit claim unto the said party of second part, and to his heirs and assigns forever. All *all* their right, title, interest, and claim of, in, and to all that certain piece or parcel of land, (here follow location and description,) being the same land formerly owned by William Coyle, deceased, and said first parties hereby conveying their interest as heirs of said deceased. Said Robert E. Coyle conveying his own interest as heir, also the undivided half of James W. Coyle's interest the same as conveyed to him by said James W. Coyle and wife by deed dated July 16, 1867, together with all and singular the tenements, hereditaments, and appurtenances thereto belonging, or in any wise appertaining, and the reversions, remainders, rents, issues, and profits thereof. And also all the estate, right, title, interest, property, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part of, in, or to the above-described premises, and every part and parcel thereof with the appurtenances. To have and to hold all and singular the above-mentioned and described premises, together with appurtenances unto the said party of the second part, his heirs and assigns forever. In witness whereof, &c."

On the 8th day of May, 1869, the said William A. Coyle executed and delivered to the defendant, John Young, a deed with covenants of general warranty for the land described in the plaintiff's writ. The defendant shortly afterward took possession, and has since remained in possession of the whole of said land.

The case stated concluded as follows:

"If the Court should be of the opinion that the plaintiff did not, by the above-mentioned deed, dated September 5, 1867, convey to her brother, William A. Coyle, her interest in the undivided one-ninth part of the aforesaid land, which descended to her brother, Manassa B. Coyle, as one of the heirs of William Coyle, deceased, then judgment to be entered for the plaintiff for such interest

[Young v. Coyle.]

in said one ninth as vested in the plaintiff upon the death of said Manassa, and after the death of said Nancy H. Coyle, either as heir of said Manassa or under his will— if the title of said plaintiff is such that ejectment may be maintained for such interest.

"But if of the opinion that all the interest of the plaintiff in said land passed to said William A. Coyle by said deed, or that the title of the plaintiff is such that ejectment cannot be maintained, then judgment to be entered for the defendant, either party to have the right to sue out a writ of error."

The Court below filed the following opinion upon the case stated :

"(After stating the facts) Two questions are raised by, and were argued upon these facts.

1. Did Sadie E. Coyle, the plaintiff, by her said deed of the 5th of September, 1867, one in which said Robert E. Coyle and others united, convey unto the said William A. Coyle merely her interest in said land as one of the heirs of her deceased father, or did she convey, not only her interest as an heir of her father, but, also, her interest as an heir, or devisee, of her brother, Manassa ?

This deed, release, or quit-claim conveyance, commences :

'This indenture made the fifth day of September in the year of our Lord one thousand eight hundred and sixty-seven between Robert E. Coyle, Elizabeth M. Coyle, Sarah E. Coyle,' (here follow the names of the other grantors,) 'heirs of William Coyle, late of Lackawannock township, Mercer county, Pa., deceased, of the first part, and William A. Coyle, of Mercer county, Pa., of the second part. Witness, that the parties on the first part, for and in consideration of the sum of nineteen hundred and fifty dollars, lawful money of the United States of America, to them in hand paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, have remised, released, and quit-claimed, and by these presents do remise, relieze, and quit-claim unto the said party of the second part, and to his heirs and assigns forever, all their right, title, interest, and claim of in and to all that certain piece or parcel of land' (here follow location and description of it) 'containing one hundred and eighteen acres, more or less, being the same land formerly owned by William Coyle, deceased. And said first parties hereby conveying their interests as heirs of said deceased,' (here Robert E. Coyle sets forth that he conveys

[Young *v.* Coyle.]

'his own interest as heir, also the undivided half of James W. Coyle's interest, the same as conveyed to him by said James W. Coyle and wife,' etc.,) 'together with all and singular, the tenements and appurtenances thereto belonging or in anywise appertaining, and the reversions, remainders, rents, issues, and profits thereof. And also all the estate, right, title, interest, property, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part of, in, or to the above described premises, and every part and parcel thereof, with the appurtenances.'

The above literal extract contains the premises of this deed in full, and the *habendum* is : 'To have and to hold all and singular the above-mentioned and described premises, together with the appurtenances unto the said party of the second part, his heirs and assigns forever.'

In the premises, these parties of the first part set forth that they are 'heirs of William Coyle, late of Lackawannock township, Mercer county, Pennsylvania, deceased,' and most clearly and distinctly set forth that they are remising, releasing, and quit-claiming to second party for this land, as the heirs of said William Coyle, deceased ; for, after reciting the consideration, its receipt, describing the land by metes and bounds, etc., they continue, 'containing one hundred and eighteen acres, more or less, being the same land formerly owned by William Coyle, deceased, and said parties hereby conveying their interest as heirs of said deceased.' Thus far no argument is necessary to demonstrate that the first party did not remise, release, nor quit-claim, nor even attempt to remise, release, or quit-claim any interest they had in said land, save that which they owned as the heirs of said William Coyle, deceased.

The premises close thus : 'Together with all and singular the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining, and the reversions, remainders, rents, issues, and profits thereof ; and also all the estate, right, title, interest, property, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part of, in, or to the above-described premises, and every part and parcel thereof with the appurtenances.'

This is the stereotyped conclusion of the premises, given by all the form-books for either a warranty or quit-claim deed ; and has, so far as I know, always been held to have reference to the title, legal or equitable, which the grantor has, in the preceding part of the premises, con-

[Young *v.* Coyle.]

veyed, or attempted to convey, to the grantee. The office of such conclusion is to supply any omissions the grantor may, through mistake or oversight, have possibly made in passing the title to the grantee, which he had, in a former part of the deed, attempted to convey to him. This conclusion must be held to have been employed by the grantors for the sole purpose of securing to their grantee the title, whether legal or equitable, or both, which they had inherited from the said William Coyle, deceased.

Their interest in this land, whether heirs or devisees of Manassa Coyle, is neither mentioned directly nor indirectly in the deed; and there is neither written nor oral evidence that they had ever agreed to sell or convey it to the defendant.

The *habendum* is a form-book one, and merely defines that said grantee shall hold said property, etc., in fee.

When this deed was executed, the grantors, as the heirs of William Coyle, severally owned the one undivided one-ninth part of said land, and as the heirs or devisees of Manassa Coyle, they owned their several shares or interests in his said one-ninth part; and the defendant's counsel contend that because they did not, in their said deed to William A. Coyle, except out of its operations their interest in said land as the heirs or devisees of Manassa, that, therefore, it passed under the deed to William A. Coyle, as well as did the interest they owned as their father's heir. Had they conveyed all their legal and equitable title or interest to William A. Coyle without defining their source or sources of title, their interest in the land as the heirs or devisees of Manassa would, of course, have passed to the grantee, unless it had been excepted out of the operation of the deed. It must, however, be borne in mind that neither in nor *dehors* the deed is there any evidence that they had ever agreed to convey to William A. Coyle their title as heirs or devisees of Manassa. Why should one except something out of the operation of a conveyance or grant which he has never made, nor agreed to make, either in whole or in part?

To require one to do this, would be to require him to perform not only a vain, but an act impossible of performance; for how could he except something out of the operation of a grant which he had never attempted to make, and which the evidence fails to show he ever agreed to make?

The defendant's counsel rely 'on the rule of law that

[Young *v.* Coyle.]

every man's deed shall be taken strongest against himself, and on what is laid down in Altham's case (8 Coke, 148) *generalis clausula*, etc., it hath been insisted that general words in a release (this deed is in effect a release of title) are to be taken strongest against the releasor, and are not to be qualified or restrained by any special recital.' But herein the true rule and distinction seems to be that where there are general words all alone in a deed of release, they shall be taken most strongly against the releasor; but where there is a particular recital in a deed, and then general words follow, the general words shall be qualified by the particular recital: Bacon's Abridgment, Title Release, K; see also Lyman *v.* Clark, 9 Mass., 235; Ballantine's Appeal, 67 P. St., 178.

Let us apply this doctrine, that 'where there is a particular recital in a deed, and then general words follow, the general words shall be qualified by the particular recital,' to 'the particular recital' in this deed as to the title intended to be released, remised, and quit-claimed, and the 'general words' following such particular recital, and describing the nature, or rather the extent, of the title to be held, and see what the result will be. This particular recital is: 'Said first parties hereby conveying their interest as heirs of said deceased,' (William Coyle.) The general words which follow this particular recital, and under which the defendant's counsel claim that the title of the heirs of Manassa, or of his devisees, passed to William A. Coyle, are: 'And also all the estate, right, title, interest, property, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part of, in, or to the above-described premises,' etc. Now, according to the three authorities last above-cited, these general words are qualified and controlled by that particular recital. In other words, these general words do not enlarge the title as described by the particular recital.

I am of the opinion that William A. Coyle only took, under said deed, the title which the grantors had therein inherited as the heirs of the said William Coyle, deceased, and that the defendant has only his title.

II. The second question is: Does the will of said Manassa Coyle vest in the plaintiff such an interest in this land that she can maintain ejectment for its recovery?

That the testator, who wrote the will himself, was very illiterate, and that the will is very inartistically drawn, its inspection proves. It does, however, pass to his de-

[Young v. Coyle.]

visee his real and personal estate, and its provisions, so far as they relate to this case, are :

1. His mother, the said widow, and who was dead before this suit was brought, was to receive, for her support during life, 'the rent or interest' of his land.

2. After her death, his three single sisters, of whom the plaintiff is one, were to receive their support, and so long as they, or any of them, remained single, 'the rent or interest' of said land.

The will does not appoint or name any trustee who should take possession of and control the said 'rent or interest' for the use and benefit of said *cestuis que trustent.*

The testator used the words 'rent or interest' as synonymous with income or proceeds ; and a devise of such proceeds of land for a given period of time ; and ejectment will, therefore, lie in favor of the devisee for the recovery of the possession of land so devised : Carlyle *v.* Cannon, 3 R., 489 ; Tyler on Ejectment, 39.

As Manassa's interest in said land is equal to the one undivided one ninth ($\frac{1}{9}$) of it, and as the plaintiff is the devisee of the one-third part of the 'rent or interest' of this said interest, she is, therefore, entitled to recover in this ejectment the possession of the one undivided twenty-seventh ($\frac{1}{27}$) part of the land described in the writ.

And now, 11th August, 1883, judgment on the case stated in favor of the plaintiff for the one undivided one twenty-seventh ($\frac{1}{27}$) part of the land described in the writ. The defendant has the right to sue out a writ of error."

The defendant thereupon took this writ of error, assigning for error the action of the Court in entering judgment as above.

*Johnson Pearson* and *S. Griffith & Sons* for plaintiff in error.

The vendors convey absolutely their "entire right, title, interest, and claim" in the land, without exception or reservation.

There are no express words of exception, and there are no words from which an exception can be or is implied : Ballantine's Appeal, 67 Pa. S. R., 178.

The clause "and said parties hereby conveying their interests as heirs of said deceased" does not import an exception, as it contains neither words of exception or negation : Chaplin *v.* Srodes, 7 Watts, 410.

"It is an undoubted rule than an exception in a deed

[Young *v*. Coyle.]

is to be construed most strongly against the grantor, and most favorably to the grantee:" Whitaker *v*. Brown, 46 P. S. R., 197. And it is submitted that words claimed to create an exception are to be construed in the same way.

. *W. A. McCormick* and *Edwin W. Jackson* for defendant in error.

The doctrine of the law relating to reservations and exceptions has no application to this case, for the reason that the release to William A. Coyle shows on its face that it was only intended to pass the interests of the releasors as the heirs of their father : Bates *v*. Foster, 59 Maine, 157 ; Rapp *v*. Rapp, 6 Pa. St., 45.

At the time the quit-claim deed or release to William A. Coyle was executed, Sadie E. Coyle had a mere naked possibility of interest in the one ninth of the land described in the deed, which had belonged to her brother Manassa, and this was not the subject of release. Manassa B. Coyle devised the "rent or interest of his estate to go to support his mother, Nancy H. Coyle, her lifetime ;" then the "rent or interest" was to go "to support, or for the benefit of, his single sisters, equally divided while they remain single." At the time the quit-claim deed was executed the mother was still living. The persons who would take after the mother's life estate was spent were not ascertainable until after the death of the mother. Sadie E. Coyle would take no interest in the land under the will unless she outlived her mother and remained single.

A remote possibility, altogether uncertain, cannot be released : Shep. Touch., 321, 322. Possibilities or expectancies of persons who are to take under a gift to a class of persons not ascertained, as children who shall attain the age of twenty-one, or those who shall survive their parents, are not releasable : See Pelletreau *v*. Jackson, 11 Wendell, 110. In the case of a lease to husband and wife for life, the remainder to the survivor of them for twenty-one years, the husband granted it over, and though he survived, yet the grant was held void, because it was contingent : Bacon's Abridgment, Title Release, H.

NOVEMBER 5, 1883.—The opinion of the Court was delivered by GREEN, J. :

We are of opinion that the learned Court below was entirely correct in the interpretation given to the deed from Sadie E. Coyle and others to William A. Coyle.

It is scarcely possible to add to the reasons so well ex-

[Young v. Coyle.]

pressed in the exhaustive opinion of the Court. The question is one of interest, and does not appear to us as involving any serious doubt as to the meaning of the parties. The grantors commence by describing themselves as heirs of William Coyle, and the property conveyed was acquired by descent from him.

In defining the subject of the conveyance, after describing the tract by its boundaries and quantity, they add, in immediate connection, and as a part of the same sentence, the following : "Being the same land formerly owned by William Coyle, deceased, and said first parties hereby conveying their interest as heirs of said deceased."

These last words must have been inserted for some purpose. The courts have no right to reject them. We must give them a reasonable interpretation, and enforce them according to their meaning.

What, then, is their meaning? The natural import of the words is that the interest conveyed is the interest which the grantors held by virtue of their relation as heirs of William Coyle. This is what the words explicitly declare, and unless there are other words in the deed in hostility with this meaning, we are bound to construe them according to their plain import. When they said, at the beginning of the descriptive sentence, that they released all their right, title, and interest, the grantors must be intended as meaning the whole, as distinguished from something less than the whole, of the interest immediately thereafter defined.

That interest, as we have seen, was their interest in the land as heirs of William Coyle. The literal words, then, which describe the subject of the release, declare it to be all the interest which the grantors held as heirs of William Coyle in a tract of one hundred and eighteen acres of land formerly owned by him.

As if to make this reading absolutely conclusive, the next sentence in the deed declares that Robert E. Coyle, one of the grantors, conveys not only his interest as heir of William Coyle, but also the undivided half of James W. Coyle's interest, which was conveyed to Robert by deed of July, 1867.

These words would be mere surplusage, and entirely senseless, if all the interest of all the grantors had previously passed. The very fact that this additional interest was specifically mentioned proves that it was not included, and was not supposed to be included, in the previous language of the deed.

The three single sisters held a certain interest in the share

of their brother, Manassa B. Coyle, under his will, and they also held their shares, one ninth each, by descent, as heirs of William A. Coyle. These were two distinct interests, the latter of which was released by words of express mention, and the former of which was in no way alluded to, or described, in any part of the deed.

In these circumstances, to deprive them, by mere implication, of their interest in Manassa's share, would be doing violence, not only to the express terms of the grant, but also to the most familiar and elementary principles of construction.

There may be some question arising under the will of Manassa as to the precise interest taken by the sisters, but as they are all living, and the defendant, upon our view of the deed, has no interest in that question, and the persons who are interested in it are not before us, we forbear its consideration at this time as against the defendant. We think Sadie E. Coyle was entitled to one third of one ninth of the land in question while she is alive and single.

Judgment affirmed.